United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br> Plaintiff, <br> v. <br> FEWSTONE PTY LTD., <br> Defendant. | Case No. 19-cv-06332-SI <br><br> **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Re: Dkt. No. 17 |

Before the Court is defendant Fewstone Pty Ltd. d/b/a City Beach's ("City Beach") motion to dismiss for lack of personal jurisdiction. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the February 28, 2020 hearing. Having considered the papers submitted and for good cause shown, the Court GRANTS defendant's motion to dismiss without leave to amend.

**BACKGROUND**

Plaintiff AirWair International Ltd. is a wholly-owned subsidiary of United Kingdom company Dr. Martens AirWair Group Ltd. (collectively "AirWair"). Dkt. No. 1, ¶ 1 (Compl.).

Defendant City Beach is an Australian company allegedly infringing AirWair's intellectual property rights by marketing, distributing, offering for sale, and selling shoes that unlawfully copy Dr. Martens' trade dress. *Id*. ¶¶ 2, 21-22.

Pitney Bowes Australia Pty Ltd d/b/a Borderfree ("Borderfree") is an Australian company "that allows consumers to purchase products that are not otherwise available for purchase in the consumer's home country." Dkt. No. 17 at 3-4 (Mot. to Dismiss). Borderfree created the

international website overlay for the domestic City Beach website, through which Borderfree receives orders for City Beach's products from several countries outside Australia; Borderfree then purchases these products from City Beach, takes title to them domestically, and resells them to customers outside Australia. *Id*. Although Borderfree is not named as a defendant or mentioned in the complaint, the contractual arrangement between City Beach and Borderfree is undisputed. *See* Dkt. No. 22 at 2, 6-9 (Opp'n).

City Beach moves to dismiss the action in its entirety, arguing the Court does not have jurisdiction because City Beach does no business in California or the United States. Dkt. No. 17 at 2 (Mot. to Dismiss). In the complaint, AirWair's substantive allegations establishing specific personal jurisdiction over City Beach in California are:

> City Beach is a proprietary limited company that markets and sells footwear products globally, including in the United States and California. City Beach maintains an international-facing website selling a broad range of clothing and footwear at https://intl.citybeach.com.au/. . . . This Court has personal jurisdiction over City Beach because City Beach has sufficient minimum contacts with the United States and California. City Beach has specifically targeted marketing and sales of its products to the state of California through its website. . . . City Beach has a domain name that is specifically targeted and purposefully directed to international customers, including United States residents. Orders submitted on the website are priced in U.S. dollars and ship to the United States, including California. . . . AirWair is informed and believes that the infringing footwear has been regularly sold in California and in the Northern District of California. True and correct copies of receipts for certain infringing styles purchased in California through the City Beach website are attached hereto as Exhibit 7.

Dkt. No. 1, ¶¶ 3, 7, 23, 24 (Compl.). In its opposition, AirWair addresses City Beach's relationship with Borderfree by arguing "City Beach is using Borderfree as its instrument to sell goods in the United States." Dkt. No. 22 (Opp'n at 7). Between January 2017 and October 2019, Borderfree sold a total of seventeen of the accused products outside Australia; seven were sold to customers in the United States; of those, six were sold to AirWair's counsel in California. Dkt. No. 18, ¶¶ 12-16 (Dorwald Decl. in Supp. of Mot. to Dismiss).

AirWair argues in the alternative that if this Court cannot exercise specific personal jurisdiction over City Beach in California, it can do so on a nationwide basis under the federal long-arm statute. Dkt. No. 22 at 15 (Opp'n).

AirWair concedes that this Court has no general personal jurisdiction over City Beach. *Id*. at 5 n.3.

## **LEGAL STANDARD**[1]

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). In determining whether the plaintiff has met this burden, a district court may consider evidence contained in affidavits filed by either party. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In a personal jurisdiction analysis, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted). However, where the parties' affidavits conflict factually, the court must resolve them in plaintiff's favor. *See Schwarzenegger*, 374 F.3d at 800. If the court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

///

---

[1] Although City Beach cited Fed. R. Civ. P. 12(b)(6) in its motion to dismiss, *see* Dkt. No. 17 at 1 (Mot. to Dismiss), both City Beach and AirWair have substantively argued this matter as a 12(b)(2) motion to dismiss for lack of personal jurisdiction. The Court therefore construes the matter as a 12(b)(2) motion and accordingly applies the legal standards thereof.

**DISCUSSION**

**I. Specific Personal Jurisdiction in California**

As "California's long-arm statute [Cal. Civ. Proc. Code § 410.10] allows the exercise of personal jurisdiction to the fullest extent permissible under the U.S. Constitution," a district court need only determine whether the exercise of jurisdiction comports with federal due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Courts distinguish between general jurisdiction over a defendant who is "essentially at home in the forum [s]tate," and specific jurisdiction over a defendant with "certain minimum contacts" with the forum state. *Id.* at 126-27 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 923 (2011)). To establish minimum contacts, the Ninth Circuit applies a three-pronged analysis: (A) the defendant must either "purposefully avail" himself of the privilege of conducting activities in the forum, or "purposefully direct his activities" toward the forum; (B) the plaintiff's claim must "arise[] out of or relate[] to the defendant's forum-related activities"; and (C) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citation omitted). Purposeful availment "is typically action taking place in the forum," whereas purposeful direction "generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach*, 453 F.3d at 1154 (citations omitted). The plaintiff bears the burden of satisfying the first two prongs of the analysis. *Schwarzenegger*, 374 F.3d at 802. If the first two prongs are satisfied, the burden shifts to the defendant to present a "compelling case" that exercising jurisdiction would be unreasonable under the third prong. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

AirWair argues that for the purposes of jurisdictional analysis, the Court should not limit the analysis to the seven accused products, but should consider all products City Beach has ever sold anywhere in the United States, including those unrelated to AirWair's claims. Dkt. No. 22 at 10 (Opp'n). Yet the complaint is devoid of information regarding such sales, aside from the vague generalization that "City Beach . . . markets and sells footwear products globally, including in the United States and California." Dkt. No. 1, ¶ 3 (Compl.). Moreover, as City Beach points out, the

4

caselaw requires otherwise. *See* Dkt. No. 25 at 17 (Reply). For specific jurisdiction, the "substantial connection with the forum State" must be created by the defendant's "suit-related conduct." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's *unconnected* activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (citation omitted) (emphasis added).

### A. Purposeful Direction

AirWair does not allege City Beach took any action inside California; thus, the first prong can be met only if AirWair establishes that City Beach purposefully directed actions toward California. The purposeful direction analysis follows the *Calder* "effects" test: City Beach must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). AirWair argues that City Beach is "using Borderfree as an instrument to sell goods in the United States," citing decisions in which the finding of personal jurisdiction was based on a party's relationship to resellers and a party's knowledge that the products would be sold in the plaintiffs' forum states. Dkt. No. 22 at 7, 9, 12 (Opp'n).

In general, a third party's contacts with the forum state may not be imputed to a defendant for the general jurisdiction analysis. Whether such contacts may satisfy the requirements of specific jurisdiction has not been decided by the Supreme Court, but the Ninth Circuit has provided guidance directly on point. In *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citing *Daimler*, 571 U.S. at 135 n.13), the Ninth Circuit held that it could not exercise specific personal jurisdiction over a Japanese corporate entity based on the Japanese corporation's subsidiary's contacts with California. *Williams*, 851 F.3d at 1023. There, a foreign manufacturer of motors owned a foreign subsidiary that imported and marketed those motors to California. *Id.* at 1019. Assuming that "some standard of agency" continued to be relevant, the court looked to the "fundamental tenets" of agency: "under any standard for finding an agency relationship, the

parent company must have the right to substantially control its subsidiary's activities." *Id*. at 1024-25 (citations omitted). Because appellants failed to allege that the parent company had the right to control its subsidiary's activities, the court found no purposeful direction and therefore no specific jurisdiction. *Id*.

Here, AirWair has neither disputed the fundamental nature of Borderfree's relationship with City Beach nor alleged that City Beach has any "right to substantially control [Borderfree's] activities." *Id*. at 1024-25. Even if the Court assumed the continued relevance of agency in this analysis, AirWair has at best insinuated that Borderfree is an independently hired "logistics company." Dkt. No. 22 at 7 (Opp'n). AirWair has not alleged that Borderfree is under City Beach's control or a subsidiary of City Beach. Thus, the assertion that "City Beach is using Borderfree as its instrument to sell goods in the United States" is inadequate. Dkt. No. 22 at 7 (Opp'n).[2] Attempting to impute agency would be even more attenuated here than in *Williams*.

City Beach did commit an intentional act by entering into a contractual arrangement to sell domestically to Borderfree, so Borderfree could then make international sales to countries abroad. But even if the seven sales made through Borderfree to the United States could be imputed to City Beach, AirWair has further failed to allege that those activities were expressly aimed at the forum state *of California*. Given the relevant facts as alleged, AirWair has not met its burden of proving purposeful direction under the *Calder* effects test.

Therefore, this Court finds City Beach has not purposefully directed its activities toward California.

**B. Arising Out of Forum-Related Activities**

Because there is no theory under which the Court can find that City Beach purposefully

---

[2] Moreover, the cases AirWair cites are readily distinguishable. *See Avaya Inc. v. Pearce*, No. 19-CV-00565-SI, 2019 WL 6311383, at *1 (N.D. Cal. Nov. 25, 2019) (alleging theory "that each defendant is . . . the agent and alter ego of the other defendants"); *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1230 (N.D. Cal. 2014) (alleging that defendant foreign company licensed its intellectual property to U.S. company to exclusively import, distribute, and sell foreign company's products in forum state, while foreign company also provided "ongoing support and oversight").

directed its activities toward California, the Court need not address whether this lawsuit arises out of such activities.

**C. Fair Play and Substantial Justice**

Even if AirWair established specific jurisdiction, City Beach has met its own burden: proving that the exercise of such jurisdiction would not comport with fair play and substantial justice. The following factors are weighed: "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food*, 303 F.3d at 1114. No single factor is dispositive. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 475 (9th Cir. 1995).

**Extent of Purposeful Injection**. Because AirWair could not establish purposeful direction, the first factor of purposeful injection weighs in City Beach's favor.

**Burden to Defendant Defending in Forum**. Where both parties are foreign corporations facing equal burdens to litigate in the forum, as is the case here, the second factor tips to the defendant. *See Ziegler*, 64 F.3d at 475 (citing *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (where burden on defendant and witnesses to travel to California was as great as burden on plaintiff and witnesses to travel to Kentucky, factor favored defendant)).

**Extent of Conflict with Sovereignty of Defendant's State**. City Beach asserts that exercising jurisdiction over transactions between two Australian companies would impinge upon Australian sovereignty. AirWair contends that adjudicating U.S. trademark infringements under U.S. federal law is not likely to conflict with Australian sovereignty. Because City Beach's assertion is at best conclusory, the third factor tips in favor of AirWair.

**California's Interest in Adjudicating Dispute**. California has no significant interest in a dispute between two foreign corporations—especially where the six pairs of shoes at issue were

7

purchased by the California attorney of a United Kingdom corporation. The fourth factor favors City Beach.

**Efficient Judicial Resolution**. The fifth factor of efficiency is evaluated by looking "primarily at where the witnesses and the evidence are likely to be located." *Ziegler*, 64 F.3d at 475-76 (citation omitted). Since City Beach and Borderfree are Australian companies, and the sales between them occur domestically in Australia, this factor weighs in City Beach's favor.

**Importance of Forum to Plaintiff**. AirWair does not address the sixth factor regarding convenience of the forum, only arguing that City Beach is a more convenient *defendant* than Borderfree due to an indemnity clause in their contract. Dkt. No. 22 at 15 (Opp'n). Thus, we accept City Beach's assertion that it would be more convenient for AirWair to enforce an Australian court order against City Beach at City Beach's headquarters in Australia; the sixth factor favors City Beach.

**Existence of Alternate Forum**. As to the final factor, "[t]he plaintiff bears the burden of proving the unavailability of an alternative forum." *Id*. at 476. AirWair has only made a conclusory statement to that effect, and has not shown that Australian courts are unavailable for trademark protections. The final factor favors City Beach.

Six of the seven factors tip in favor of City Beach. Therefore, even if the Court were to find that City Beach purposefully directed its activities at the forum state of California, the Court would not exercise specific jurisdiction in this case because to do so would not comport with fair play and substantial justice.

## II. Nationwide Personal Jurisdiction

AirWair also asserts nationwide jurisdiction under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2). Three requirements must be met: "[1] the claim against the defendant must arise under federal law . . . [2] the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction . . . [3] the federal court's exercise of personal jurisdiction must comport with due process." *Pebble Beach*, 453 F.3d at 1159. The due process analysis is identical

to that of the analysis above, "except here the relevant forum is the entire United States." *Id*.

No reported decision in the Ninth Circuit has conferred such jurisdiction. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 462 (9th Cir. 2007). In one unreported decision, nationwide jurisdiction was conferred, not in the alternative, but *in addition to* specific personal jurisdiction in the forum state. *See Avvo Inc. v. Chang Liang*, No. CV-16-00892-PHX-DLR, 2016 WL 8738247, at *1 (D. Ariz. Apr. 4, 2016) (defendants hosted "complete counterfeit duplicate of Plaintiff's website" on servers in Phoenix, Arizona, sufficient for jurisdiction under Arizona's long-arm statute; moreover, the website "exclusively list[ed] attorneys located in the United States," indicating an express targeting of conduct and damage to the United States as a whole). The *Holland* court cited two of the rare cases in which other circuits have conferred nationwide jurisdiction: in one, the defendant had insured hundreds of shipments to the United States valued at over $130 million. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651-52 (5th Cir. 2004) ("Given the volume of activity, we have no difficulty concluding that UMS has continuous and systematic contacts with the United States as a whole.") (citation omitted). In the other, defendants engaged in numerous conspiracies to attack the United States, with overt acts occurring within the country's borders. *See Mwani v. bin Laden*, 417 F.3d 1, 13 (D.C. Cir. 2005) ("plaintiffs thus amply made a prima facie showing that bin Laden and al Qaeda purposefully directed [their] activities at residents of the United States") (internal quotation marks and citation omitted).

While the first two requirements of the long-arm statute are easily met, AirWair's allegations are far from demonstrating a comparable level of contacts with the United States as a whole. Indeed, the undisputed record shows only one of the accused products was shipped to an American state outside of California. On these facts, the Court cannot impose nationwide jurisdiction on City Beach; nor are there facts indicating a need for limited jurisdictional discovery.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS

9

defendants' motions to dismiss for lack of personal jurisdiction, without leave to amend.

**IT IS SO ORDERED**.

Dated: February 19, 2020

_____
SUSAN ILLSTON
United States District Judge